**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antelmo ONTIVERAS, Defendant–Appellant.**

**No. 10–16433.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2012.*

Filed Nov. 19, 2012.

Daniel S. McConkie, Assistant U.S., United States Attorney's Office, Sacramento, CA, for Plaintiff–Appellee.

E. Arthur Pirelli, Law Offices of E. Arthur Pirelli, Folsom, CA, for Defendant–Appellant.

Antelmo Ontiveras, Taft, CA, pro se.

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Antelmo Ontiveras appeals the denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for conspiracy to possess and possession of, with intent to

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

distribute, methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). He alleges that his trial counsel rendered ineffective assistance by (1) failing to make a motion for acquittal based on insufficiency of the evidence pursuant to FED.R.CRIM.P. 29 and (2) not advising Ontiveras of his option to plead guilty without a plea.

There is no basis for a conclusion that trial counsel rendered ineffective assistance. We have reviewed the record, and it leaves no doubt that Ontiveras committed sufficient acts to be charged as a part of the conspiracy to possess and possession of, with intent to distribute methamphetamine under 21 U.S.C. §§ 846 and 841(a)(1). *See United States v. Herrera–Gonzalez,* 263 F.3d 1092, 1095 (9th Cir. 2001). Counsel's failure to make a Rule 29 motion therefore was neither deficient nor prejudicial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On this record, it is clear that Ontiveras would not have entered a guilty plea. Therefore counsel did not prejudice Ontiveras' trial by failing to discuss various pleading possibilities. *Id.*

The magistrate judge issued findings and recommendations to deny the § 2255 motion in its entirety. The District Court adopted that position in full on March 26, 2010.

We find nothing in the record to justify reversal.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.